UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRATEGIC STAFFING
SOLUTIONS, L.C.,

     Plaintiff,

  v.

URBAN ARMZ, LLC,
JOHN DONALDSON, and
CARLIE WINTERS,

     Defendants.

_____/

Case No. 22-12216

Hon. George Caram Steeh

ORDER GRANTING PLAINTIFF'S MOTION
TO ENFORCE SETTLEMENT (ECF NO. 29)

This action arises out of a contract dispute. Plaintiff Strategic Staffing

Solutions. L.C. (S3) purchased protective gear from defendants Urban

Armz, LLC, John Donaldson, and Carlie Winters for delivery in May 2022.

Plaintiff issued payments totaling $300,000 to defendants, but the goods

were never delivered. Counsel for the parties engaged in settlement

discussions and came to an agreement which was outlined and confirmed

by email messages. Ultimately, defendants refused to sign the settlement

agreement drafted by plaintiff's counsel. The matter is before the Court on

plaintiff's motion to enforce settlement agreement. Finding that all essential

-1-

terms were agreed to by the parties, the Court grants plaintiff's motion to enforce settlement agreement.

I.    Factual Background[1]

At the conclusion of discovery, and at the request of the parties, this action was scheduled for a settlement conference with Magistrate Judge Ivy on May 31, 2023. Prior to the conference, counsel for the parties engaged in settlement discussions. On May 19, defendants' counsel sent an email to plaintiff's counsel making a settlement offer. On May 23, plaintiff's counsel responded with a counteroffer that included the following terms:

1.    Defendants will pay a sum of $150,000 to S3, with the first $50,000 due as a lump sum payment simultaneous with the execution of the agreement, and the remaining $100,000 paid as quarterly installments over the course of two years.
2.    S3 will dismiss the case with prejudice within 3 business days of receipt of the $50,000 lump sum payment.
3.    The settlement agreement will contain the typical mutual releases.
4.    If Defendants fail to timely make any of the quarterly installment payments, S3 will be entitled to a judgment against Defendants for damages equal to $300,000 (the total amount of the claim) minus the sum of all settlement payments paid to date.
5.    The settlement agreement will be confidential. Any public statements regarding the settlement will be limited to: "The

---

[1] The statement of facts comes primarily from counsels' email exchange. Defendants' counsel points out that counsel engaged in conversations on the phone in addition to their email messages.

parties reached a settlement to the mutual satisfaction of the
parties."

ECF No. 29-1, PageID.306.

On May 30, defendants' counsel responded with an email accepting

the counteroffer:

I took some time on our end. Urban Armz needed to figure out
finances before it could accept. Urban Armz accepts your
counteroffer.

I would like to hammer out dates and other details with you. But the
agreement outline of your last email has been accepted.

. . . .

ECF No. 29-2, PageID.311.

Plaintiff's counsel informed the Court that the parties agreed to the

terms of a settlement and requested an adjournment of the settlement

conference pending execution of a written agreement:

[t]he parties have reached a settlement in principle based upon the
outline of terms in Plaintiff's latest offer. The parties have agreed
to exchange full draft agreements in the coming days. Accordingly,
the parties are jointly requesting adjournment of this settlement
conference to June 22 or 23 (subject to the Court's schedule),
pending final execution of the agreement and Plaintiff's receipt of
the first payment.

ECF No. 29-3, PageID.317. Defendants' counsel confirmed this statement

of the status of the case. *Id.* The Clerk made a docket entry on May 30,

stating that the "parties notified Judge Ivy's Chambers that they have

reached a settlement. The parties shall update Judge Ivy's Chambers by June 20 as to the status of the settlement."

On June 1, 2023, plaintiff's counsel sent defendants' counsel a "proposed draft settlement agreement" for "comments and feedback." ECF No. 29-5, PageID.324. On Monday, June 12, defendants' counsel sent an email to plaintiff's counsel asking if plaintiff would be "open to": (1) "breaking the $50,000 amount into $12,500 payments" and (2) "removing John Donaldson and Carlie Winters as named parties in the Agreement" in exchange for "some form of "incentive/consideration."  ECF No. 29-6, PageID.333. The same day, plaintiff's counsel responded that plaintiff was "not open to renegotiating" and asked defendants' counsel to confirm that defendants would sign the agreement and make the initial payment by the end of the week. ECF No. 29-6, PageID.332.

On Thursday, June 15, defendants' counsel responded to plaintiff's counsel, indicating an understanding that defendants "had up to June 22 to execute the agreement." ECF No. 29-6, PageID.331. Plaintiff's counsel responded that there was never an agreement on a June 22 deadline, only that they would ask the court to reschedule the settlement conference to June 22 if defendants failed to execute the agreement. Plaintiff's counsel asked for confirmation that defendants would "send a signed copy of the

Settlement Agreement **and** remit the lump sum payment **by 4:00 ET on June 20**." ECF No. 29-6, PageID. 330. On June 20, defendants' counsel sent an email stating that "Urban Armz has not signed the settlement agreement. Urban Armz is unable to provide the full $50,000 upon execution of this settlement agreement at this moment." *Id*.

The parties attended the rescheduled settlement conference with Magistrate Judge Ivy on July 25. The court's docket entry indicates that no settlement was reached.

II.   Legal Standard

"[A] district court 'has the inherent authority and equitable power to enforce agreements in settlement of litigation before it, even if that agreement has not been reduced to writing.'" *Moore v. United States Postal Serv.*, 369 F. App'x 712, 717 (6th Cir. 2010) (quoting *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76–77 (6th Cir. 1985)); *see Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) ("'This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it.'" (quoting *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282–83 (6th Cir. 1986)). "An agreement to settle a pending lawsuit is a contract which is to be governed by the legal principles which are generally

applicable to the interpretation and construction of contracts." *Scholnick's Importers-Clothiers, Inc. v. Lent*, 130 Mich. App. 104, 109 (Mich. Ct. App. 1983).

III.   <u>Analysis</u>

Plaintiff seeks to enforce the settlement. Defendants opposes the motion, on the basis that the parties had not agreed to an execution date and the dates on which quarterly payments would be due. For a settlement agreement to be binding, the parties must express agreement on all essential or material terms. *See RE/MAX Intern. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001); *Scholnick's*, 130 Mich. App. at 109. Settlement agreements are binding where "the record shows that all the essential terms had been agreed upon" and "all that remained was to sort out the non-material details and put the agreement in writing." *RE/MAX Intern.,* 271 F.3d at 646. "[S]ummary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." *Id.*

Under Michigan law, the essential terms of a settlement agreement include, at minimum, "the parties to be bound, the amount agreed upon, and some form of consideration." *Allstate Ins. Co. v. Broe*, No. 290133, 2010 WL 2867962, at *3 (Mich. Ct. App., July 22, 2010). A settlement

agreement may be binding even if there are minor details missing. *Stout Tool Corp. v. Kane*, No. 291996, 2009 WL 4984463, at *4 (Mich. Ct. App., Dec 22, 2009) ("[E]ven though defendants' counsel acknowledged that the parties still had to 'iron out the details,' uncertainty regarding more minor details does not preclude an enforceable agreement." (citing *Nichols v. Seaks*, 295 N.W. 596 (1941)).

Here, there can be no dispute that the parties agreed to a settlement, including its material terms. Specifically, the parties agreed to the settlement amount: "Defendants will pay a sum of $150,000 to S3, with the first $50,000 due as a lump sum payment simultaneous with the execution of the agreement, and the remaining $100,000 paid as quarterly installments over the course of two years." In consideration, plaintiff agreed to "dismiss the case with prejudice within 3 business days of receipt of the $50,000 lump sum payment", mutual releases, and confidentiality.

Defendants maintain that the terms included in plaintiff's counsel's May 30 email did not include an execution date, which they characterize as an essential term. However, the parties, the payment and the consideration were agreed upon, and no other issues were specifically identified as being material at the time of acceptance. "'A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their

visible acts, not their subjective states of mind.'" *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 454, (2006) (citation omitted). When the contract does not specify the time for performance, the law infers a "reasonable time into the contract as a matter of law." *SME Holdings, LLC v. Tool Crib, Inc.*, No. 19-12698, 2021 WL 3861114, at *5 (E.D. Mich. Aug. 30, 2021) (applying Michigan law).

It is sufficient that the parties agreed to a rough time frame for payments. *See, e.g.*, *McCormick v. Brzezinski*, No. 08-10075, 2010 WL 1463176, at *3 (E.D. Mich. April 13, 2010) (court found an enforceable settlement agreement where the parties agreed to "a *rough time-frame* for payment."). The $50,000 lump sum payment was due with the execution of the agreement and the remaining $100,000 was to be paid as quarterly installments over two years. While defendants' counsel did state in his expression of acceptance that he "would like to hammer out dates and other details", such dates and other details are not essential or material terms. The Sixth Circuit has held that "when parties reach an agreement on all material terms, non-material tasks will not undermine the crux of the agreement." *Stewart v. Carter Machine Co., Inc.*, 82 F. App'x 433, 436 (6th Cir. 2003).

Defendants refer to plaintiff's inclusion of language that the settlement agreement becomes effective upon receipt of the full lump sum payment as an acknowledgement that the effective date was an essential term. This Court previously rejected this argument, holding that the language "'[E]ffective as of the date the parties sign the Agreement,' is not a material term of the parties' agreement." *Remark LLC v. Adell Broad.*, 817 F. Supp. 2d 990, 1003 (E.D. Mich. 2011), *aff'd sub nom. Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280 (6th Cir. 2012). As in *Remark*, the provision merely "start[s] the clock . . . for payment" by defining the effective date as the date upon which plaintiff was in receipt of full lump sum payment.

The emails exchanged between counsel include the essential terms of the parties' settlement agreement. The fact that the parties did not agree on a date to execute the written draft is not fatal to finding an agreement because an exact date of execution is not an essential term. When a contract does not specify a time for performance, the law presumes the parties must perform within a reasonable time. Defendants have offered no legitimate basis to avoid the settlement, which the Court will retain jurisdiction to enforce.

IT IS HEREBY ORDERED that plaintiff's motion to enforce the

settlement agreement (ECF No. 29) is GRANTED and the complaint is

DISMISSED.

Dated:  October 3, 2023

<div style="margin-left:40%;">

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 3, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk

---